THE MUTUAL AID AND INSTRUCTION SOCIETY BETWEEN ITALIANS OF WEST HOBOKEN AND VICINITY v. ANNIBALE MONTI.

1. A member of a beneficial society cannot be deprived of his right to a weekly allowance in sickness by a change in the articles of the association made in a manner contrary to the express provisions of the by-laws and constitution.

2. A certificate signed by the doctor and the mayor of Chivello, Italy, with the evidence of the plaintiff that he saw them sign it, is a sufficient compliance with the article of the society requiring a medical certificate signed or authenticated by the legal authorities of the place.

On *certiorari* to the Hudson Pleas.

Argued at June Term, 1896, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the plaintiff, *James M. Trimble.*

For the defendant, *Joseph S. Parry.*

The opinion of the court was delivered by

VAN SYCKEL, J. The subject of review is a judgment of the Court of Common Pleas of Hudson county, rendered on an appeal from the Hoboken District Court.

Monti was a member of said Mutual Aid and Instruction Society in good standing, and was sick from March 12th, 1894, until May 23d of the same year. He was entitled, under the by-laws of said society, to sick benefits for that period.

On the 17th of March he went to Italy, and while there he received from the society payment for one week.

On the refusal of the society to pay more he recovered the judgment which has been certified into this court.

In the first place the prosecutor alleges that the state of demand is fatally defective, and he relies upon the case of *Beneficial Society* v. *White,* 1 *Vroom* 313.

No objection was made to the state of demand in the court below. If it had been objected to, an amendment could have been made. *Gen. Stat., p.* 2582, *pl.* 301.

This objection must, therefore, be disregarded.

The second defence relied upon is that Monti did not pay one year's dues in advance, and that, therefore, he is not entitled to recover, according to article 65 of the by-laws.

Article 65, prior to its amendment, required the payment of dues three months in advance, and Monti paid six months in advance before he went abroad.

The amendment to article 65, requiring one year's dues to be paid in advance, was made at an alleged special meeting of the society held October 26th, 1893.

At the time said amendment was made, article 106 of the society was in force and is still binding.

That article provides that any motion to add or amend the constitution shall be made in writing and offered at the regular meeting of the society by at least five members in good standing. The amendment was, therefore, made contrary to the provisions of article 106, and is not binding upon Monti. The society was pledged to pay him certain weekly allowances in accordance with the provisions of the by-laws and constitution, and it cannot change the terms of its agreement without Monti's consent, except in the mode provided in the constitution and by-laws.

The remaining ground relied upon for reversal is that Monti did not furnish to the society proper evidence of his sickness.

Article 65 provides that, in case of sickness, he shall inform the corresponding secretary by sending a medical certificate signed (or authenticated) by the legal authorities of the place where he is.

Monti produced a certificate which he testified had been signed by the doctor and the mayor of Chivello, province of Orno, and sealed with the mayor's seal in Italy.

The objection made to this was that it was not authenticated by the American consul. The requirement of article 65 is that the certificate be signed or authenticated by the legal authorities of the place where the member is.

The American consul is not a legal authority of Chivello, Italy. The mayor of Chivello is a legal authority of that place, and the testimony of Monti, that the mayor signed the certificate, is a reasonable compliance with article 65.

No error is found in the proceedings below, and the judgment should be affirmed, with costs.